IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02454-BNB

CHET HARVEY ADKINS,

    Plaintiff,

v.

JOE SCHMIDT, Individually and as the Commissioner of the AK Department of
    Corrections,
CHRISTOPHER PAGEL, Individually and as an Employee of the Hudson Correctional
    Facility and the GEO Group, and
JOE D. DRIVER, Individually and as an employee of the Hudson Correctional Facility
    and the GEO Group,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff is in the custody of the Alaska Department of Correctional at the Palmer Correctional Center in Palmer, Alaska.  Originally, Plaintiff filed this action in the United States District Court for the District of Alaska and paid the $400 filing fee.  On September 3, 2014, the District of Alaska ordered this action transferred to this Court pursuant to 28 U.S.C. § 1404(a).  Magistrate Judge Boyd N. Boland reviewed the Complaint and directed Plaintiff to file his claims on a Court-approved form used in this Court when pursuing a 42 U.S.C. § 1983 action.  On September 26, 2014, Plaintiff complied with Magistrate Judge Boland's directive.

    The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as

an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be directed to file an Amended Complaint.

Plaintiff asserts that he has been in the custody of the Alaska Department of Corrections since 1988.  Plaintiff also asserts that from November 2009 until May 2013 he was held at the Hudson Correctional Facility in Hudson, Colorado, pursuant to a contract between the Alaska Department of Corrections and the Hudson Correctional Facility.  Plaintiff further asserts that Defendant Schmidt entered into the contract with Hudson and was responsible for not including in the contract an adequate process for review and oversight of disciplinary grievances.  Plaintiff further asserts that Defendant Pagel found him guilty of an infraction and Defendant Driver denied Plaintiff's appeal of the conviction.  Finally, Plaintiff asserts that he appealed the disciplinary decision to the superior court for the State of Alaska, which reversed the disciplinary decision and found Plaintiff's due process rights were violated.

Plaintiff's claims against Defendant Driver are contradictory.  In Claim Two, Plaintiff asserts that Defendant Pagel misrepresented his actions to Defendant Driver regarding the disciplinary proceeding.  In Claim Three, however, Plaintiff asserts that Defendant Pagel told Defendant Driver that the findings in Plaintiff's disciplinary proceeding were improper.  Plaintiff will be directed to file an Amended Complaint that clarifies the discrepancy between Claims Two and Three.

The Amended Complaint must be completed and contain all claims and named defendants.  "An amended complaint 'supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. ' "  *See Hooten v. Ikard Servi Gas*, No. 12-2179, 2013 WL 1846840 at *4 (10th Cir. May 3, 2013) (quoting

*Giles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)).

Furthermore, Defendant Driver may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

> [W]hen a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  In order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id*. at 1199.

Plaintiff cannot maintain claims against prison officials or administrators on the basis that they denied his grievances.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending

"correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").  Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order, within the time allowed,  the Court will proceed to determine the merits of the claims as stated in the September 26, 2014 Amended Complaint.

DATED September 29, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge