IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02454-GPG

CHET HARVEY ADKINS,

    Plaintiff,

v.

JOE SCHMIDT, Individually and as the Commissioner of the AK Department of
    Corrections,
CHRISTOPHER PAGEL, Individually and as an Employee of the Hudson Correctional
    Facility and the GEO Group, and
JOE D. DRIVER, Individually and as an employee of the Hudson Correctional Facility
    and the GEO Group,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff Chet Harvey Adkins is in the custody of the Alaska Department of Corrections and currently is incarcerated at the Palmer Correctional Center in Palmer, Alaska. Originally, Plaintiff filed this action in the United States District Court for the District of Alaska and paid the $400 filing fee. On September 3, 2014, the District of Alaska ordered this action transferred to this Court pursuant to 28 U.S.C. § 1404(a). Magistrate Judge Boyd N. Boland reviewed the Complaint and directed Plaintiff to file his claims on a Court-approved form used in this Court to pursue 42 U.S.C. § 1983 claims. On September 26, 2014, Plaintiff complied with Magistrate Judge Boland's order.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

1

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  See *Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915A(b)(1), the Court must review a prisoner complaint when a prisoner is seeking redress from officers or employees of a governmental entity and dismiss the Complaint, or any portion of the Complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  See *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law.  *Adickes v. S. H. Kress & Co* , 398 U.S. 144, 150 (1970).

Plaintiff asserts that he has been incarcerated and in the care and custody of the Alaska Department of Corrections since 1988; and from November 2009 until May 2013 he was held at the Hudson Correctional Facility in Hudson, Colorado, pursuant to a contract between the Alaska Department of Corrections and the Hudson Correctional Facility.  Plaintiff further asserts that Defendant Schmidt entered into the contract with Hudson but failed to include in the contract an adequate process for review and oversight of disciplinary grievances.

Plaintiff also claims that Defendant Pagel found him guilty of an infraction, which Defendant Driver affirmed by denying Plaintiff's disciplinary appeal, and sanctioned him with twenty days of punitive segregation suspended for 180 days pending no further write-ups.  Plaintiff further contends that Defendant Pagel subjected him to unwritten sanctions that prohibited his use of and access to inmate computers and removed him from his office assistant job in the Residential Substance Abuse Treatment Program.

Plaintiff also claims that as a result of Defendants' actions he was denied Microsoft Office Systems training, practical computer technology training, and hands on computer experience. Plaintiff further contends that as a result he was deprived of the potential economic value of the Microsoft Systems training, increased earnings, and the likelihood of success on release.

Plaintiff states he appealed the disciplinary decision to the superior court for the State of Alaska and the court reversed the decision and found Plaintiff's due process rights were violated.[1] Plaintiff seeks money damages.

"For inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens the confinement or involves an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *Meek v. Jordan*, 534 F. App'x 762, 765 (10th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The claims Plaintiff presents do not assert an increase of the length of his sentence due to the disciplinary action. Therefore, he must assert, pursuant to *Sandin* that the result of his disciplinary proceeding had an atypical and significant hardship on him.

Relevant factors to be considered in determining whether certain conditions of confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life include whether (1) the conditions relate to and further a legitimate penological interest; (2) the conditions are extreme; (3) the conditions

---

[1] The Court has reviewed the order entered by the Superior Court for the State of Alaska, Third Judicial District at Anchorage. ECF No. 1-2. The reversal of Plaintiff's disciplinary decision does not address *Sandin v. Conner*, 515 U.S. 472, 484 (1995), or conclude that a federal liberty interest exists under the Due Process Clause.

increase the duration of confinement; and (4) the conditions are indeterminate.  *See DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

Plaintiff's possible twenty day placement in punitive segregation was not indeterminate, extreme, or an extension of his confinement.  Furthermore, the Tenth Circuit has found that placement in punitive segregation or on restricted privileges for a time period longer than Plaintiff 's sanction did not constitute an atypical and significant hardship.  *See, e.g., Grady v. Garcia*, No. 12-1151, 506 F. App'x 812, 814 (10th Cir. 2013) (inmates placement on restricted privileged status for 105 days did not constitute an atypical and significant hardship when compared to the ordinary incidents of prison life); *Meek*, 534 F. App'x at 765 (finding that sixty days in punitive segregation as a disciplinary sanction did not implicate a protected liberty interest).  The punitive segregation sanction entered against Plaintiff, therefore, did not violate his liberty interest.

Furthermore, a denial of access to training programs and the loss of a job does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life.  Courts have not accepted the claim that an inmate has a constitutional right to any educational programs.  *See Termunde v. Cook*, 684 F. Supp. 255, 259 (D. Utah 1988) (citing *French v. Hayne*, 547 F.2d 994, 1002 (7th Cir. 1976)).  Also, an inmate does not have a federal constitutional right to rehabilitation.  *Sheratt v. Utah Dept. of Corrections*, 545 F. App'x 744, 748 (10th Cir. 2013) ("[T]he option to participate in a rehabilitative program like SOTP is a privilege not a right"); *see also Battle v. Anderson*, 564 F.2d 388, 403 (10th Cir. 1977).  Furthermore, Plaintiff does not have a federal constitutional right to prison employment.  *See Penrod v. Zavaras,* 94 F.3d 1399, 1407 (10th Cir. 1996); *see also  Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991).

Therefore, the termination of a job or denial of educational/rehabilitation programs alone are not constitutionally protected liberty interests.

Based on the above findings, Plaintiff's claims are legally frivolous. The Court, therefore, will dismiss the action pursuant to 28 U.S.C. § 1915A(b)(1). This Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Amended Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that Plaintiff is denied *in forma pauperis* status on appeal.

DATED at Denver, Colorado, this  24th  day of   November  , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court