IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02454-LTB

CHET HARVEY ADKINS,

    Plaintiff,

v.

JOE SCHMIDT, Individually and as the Commissioner of the AK Department of
    Corrections,
CHRISTOPHER PAGEL, Individually and as an Employee of the Hudson Correctional
    Facility and the GEO Group, and
JOE D. DRIVER, Individually and as an employee of the Hudson Correctional Facility
    and the GEO Group,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

The matter before the Court is the Motion for Reconsideration of Dismissal, ECF No. 16, that Plaintiff Chet Harvey Adkins, a *pro se* prisoner litigant, filed on December 5, 2014. Plaintiff currently is held at the Glenwood Correctional Community Residential Center in Anchorage, Alaska. Upon review of the Motion, the Court finds that Plaintiff seeks reconsideration of the Court's Order of Dismissal entered on November 24, 2014. The Court must construe the document liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will deny Plaintiff's request for reconsideration based on the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Plaintiff's Motion pursuant to Rule 59(e) because it was filed within twenty-eight days after the dismissal was entered in this action on November 24, 2014. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion, Plaintiff contends that because he was not housed in a federal prison but was a state prisoner housed in a private contract prison, when he was removed from his office assistant position and denied access to training programs, he was subject to an atypical and significant hardship due to the removal and denial. As the Court stated in the Order of Dismissal, Plaintiff does not have a federal constitutional right to a job or education programs, and as such is not subject to an atypical and significant hardship when compared to the ordinary incidents of prison life.

Whether Plaintiff is housed in a federal or in a state prison facility, he does not assert a violation of his constitutional rights pursuant to 42 U.S.C. § 1983 regarding the

loss of his job. In *Templeman v. Gunter*, 16 F.3d 367, 370 (10th Cir. 1994), the Tenth Circuit found that loss of a prisoner's job does not result in a deprivation of liberty or property. The prisoner in *Templeman* was a state prisoner.

Furthermore, the plaintiff in *Sherratt v. Utah Dep't of Corrections*, 545 F. App'x 744, 748 (10th Cir. 2013), was a state prisoner. The Tenth Circuit found in *Sherratt* that participation in a rehabilitative program is a privilege, not a right. Finally, in *Termunde v. Cook*, 684 F. Supp. 255, 259 (D. Utah 1988), where the court found no courts have accepted that an inmate has a constitutional right to any educational programs, the plaintiff was a state prisoner. Also, the Tenth Circuit in *Sherratt* relied on *Termunde* for the finding that an inmate does not have a right to a rehabilitative program.

The Court, therefore, will deny Plaintiff's Motion because he fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving. Accordingly, it is

ORDERED that Plaintiff's Motion for Reconsideration, ECF No. 16, filed on December 5, 2014, is denied.

DATED at Denver, Colorado, this   9th   day of   December  , 2014.

BY THE COURT:


　　s/Lewis T. Babcock
　　LEWIS T. BABCOCK, Senior Judge
　　United States District Court